1  BENJAMIN L. WEBSTER, Bar No. 132230
   bwebster@littler.com
2  NATHANIEL H. JENKINS, Bar No. 312067
   njenkins@littler.com
3  LITTLER MENDELSON, P.C.
   500 Capitol Mall
4  Suite 2000
   Sacramento, CA  95814
5  Telephone:   916.830.7200
   Fax No.:      916.561.0828
6
   Attorneys for Defendant
7  MUFG UNION BANK, N.A. (erroneously sued as
   UNION BANK)
8

9              UNITED STATES DISTRICT COURT

10           SOUTHERN DISTRICT OF CALIFORNIA

11 | FARIDA CARUSO,                    | Case No.  **'20CV2487 H    JLB**

12 |            Plaintiff,             | [San Diego County Superior Court Case No.  37-
                                         2019-00022159-CU-OE-NC]
13 |       v.
                                         **NOTICE OF REMOVAL OF CIVIL**
14 | UNION BANK and DOES 1-50, inclusive, | **ACTION TO FEDERAL COURT UNDER 28**
                                         **U.S.C. § 1441(a)**
15 |            Defendant.
                                         [FEDERAL QUESTION]
16
                                         Complaint Filed:   April 30, 2019
17                                       Amended Complaint filed: November 25, 2020

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON, P.C.
   500 Capitol Mall
      Suite 2000
Sacramento, CA  95814
   916.830.7200

NOTICE OF REMOVAL OF CIVIL ACTION
TO FEDERAL COURT UNDER 28 U.S.C. §
1441

**TO THE CLERK OF THE U.S. DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA:**

**PLEASE TAKE NOTICE** that Defendant MUFG UNION BANK, N.A. (erroneously sued as UNION BANK) ("Defendant"), removes to this Court the state court action described herein. Defendant removes the captioned action from the Superior Court of the State of California in and for the County of San Diego to the United States District Court, pursuant to 28 U.S.C. sections 1331, 1441, and 1446. This action is a civil action over which this Court has original jurisdiction based on federal question jurisdiction pursuant to 28 U.S.C. section 1331, and is one that may be removed to the Court by Defendant pursuant to 28 U.S.C. section 1441(a).

In support of the Notice of Removal of Civil Action, Defendant alleges the following:

## I.   JURISDICTION

This action is removed pursuant to the procedures found in 28 U.S.C. sections 1441 and 1446, and jurisdiction is based on 28 U.S.C. section 1331, as this case presents the existence of a federal question.

## II.   PROCEDURAL BACKGROUND

Plaintiff FARIDA CARUSO ("Plaintiff") was a former employee of Defendant. On or about April 30, 2019, Plaintiff filed a complaint in the Superior Court of the State of California, in and for the County of San Diego, entitled *Farida Caruso v. Union Bank, and Does 1-50 inclusive,* designated as Case Number 37-2019-00022159-CU-OE-NC ("the Initial Complaint"). *See* Declaration of Nathaniel H. Jenkins ("Jenkins Decl."), ¶ 2. The Initial Complaint set forth four causes of action: (1) Negligence; (2) Negligent Infliction of Emotional Distress; (3) Intentional Infliction of Emotional Distress; and (4) Breach of the [Implied] Covenant of Good Faith and Fair Dealing. *Id.,* Exhibit A. Defendant answered Plaintiff's Initial Complaint on June 28, 2019. *Id.,* ¶ 4. Thereafter, the Parties began to engage in written discovery based on the claims set forth in the Initial Complaint. *Id.,* ¶ 6.

On April 23, 2020, Defendant filed a motion for summary judgment as to the four causes of action in the Initial Complaint in San Diego County Superior Court ("SDCSC"). Jenkins Decl., ¶ 7. The motion was set for hearing in SDCSC for September 18, 2020. *Id.* Prior to the hearing, and simultaneous with her filing an opposition to Defendant's motion for summary judgment, Plaintiff

LITTLER MENDELSON, P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA 95814
916.830.7200

NOTICE OF REMOVAL OF CIVIL ACTION
TO FEDERAL COURT UNDER 28 U.S.C. §
1441

2.

requested leave to file an amended complaint in order to add causes of action for discrimination and harassment in violation of Title VII of the Civil Rights Act, among other similar laws. *Id*. Consequently, SDCSC continued the hearing on Defendant's motion for summary judgment to December 18, 2020, to allow Plaintiff time to seek leave of court to file an amended complaint. *Id*. On November 20, 2020, SDCSC granted Plaintiff's motion for leave to amend, and on November 25, 2020, Plaintiff filed her First Amended Complaint ("FAC") in SDCSC.[1] *Id*., ¶¶ 8, 9.

Plaintiff's FAC sets forth six causes of action: (1) Race Discrimination in Violation of Title VII of the Civil Rights Act ("Title VII") and the Fair Employment and House Act ("FEHA"); (2) Age Discrimination in Violation of the Age Discrimination in Employment Act ("ADEA") and the FEHA; (3) Intentional Infliction of Emotional Distress; (4) Wrongful Termination in Violation of Public Policy; (5) Age Harassment in Violation of the ADEA and the FEHA; and (6) Failure to Prevent Discrimination and Harassment. *See* Jenkins Decl., ¶ 9, Exhibit L. Defendant was served with a copy of the FAC on December 21, 2020. *Id*., ¶ 9. Defendant answered Plaintiff's FAC in SDCSC on December 21, 2020, and then filed this Notice of Removal on December 22, 2020. *Id*., ¶ 11.

Pursuant to 28 U.S.C. § 1446(a), Exhibits A-N attached to the Jenkins Declaration comprise all copies of process, pleadings, and orders served upon Defendant or filed, received, or served by it in this action. To Defendant's knowledge no further process, pleadings, or orders related to this case have been filed in SDCSC or served by any party. Jenkins Decl., ¶ 12.

As of the date of this Notice of Removal, Defendant is unaware of any other parties who have been named or served with the summons and FAC in this action. Jenkins Decl., ¶ 13.

## III.   REMOVAL PROCEDURE

### A.   Removal is Timely Because Notice and the Accompanying Pleadings Have Been Filed Within Thirty Days of Plaintiff's Filing of a Pleading Setting Forth a Federal Question

Normally, an action may be removed from state court by filing a notice of removal, together with a copy of all process, pleadings, and orders served on the defendant, within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting

---

[1] On December 18, 2020, SDCSC denied Defendant's motion for summary judgment on the Initial Complaint as moot, given Plaintiff had since filed her FAC. *See* Jenkins Decl., ¶ 10.

LITTLER MENDELSON, P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA  95814
916.830.7200

1   for the claim for relief.  *See* 28 U.S.C. § 1446(a)-(b). However, "if the case stated by the initial pleading

2   is not removable, a notice of removal may be filed within thirty days after receipt by the defendant,

3   through service or otherwise, of a copy of an amended pleading…from which it may first be

4   ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). On

5   November 25, 2020, Plaintiff filed her FAC, which set forth new and additional claims, including new

6   claims expressly arising under federal law. *See* Jenkins Decl., ¶ 9.  Although Plaintiff previously

7   served Defendant with a copy of her <u>draft</u> FAC as an attachment to her Motion for Leave to Amend

8   in SDCSC, Defendant's receipt of the <u>unfiled</u> pleading did not start the removal clock running. *See*

9   Jenkins Decl., ¶¶ 6-8; *Schneehagen v. Spangle*, (S.D. TX 1997) 975 F.Supp. 973, 974 (where plaintiff's

10  counsel sent defendant's counsel a copy of a draft pleading that had not yet been filed, but which was

11  in fact later filed, the unfiled complaint was not yet a "pleading," and there was no pending state court

12  action to remove; the removal period did not start running until the complaint was actually filed).

13  Therefore, Defendant has timely removed this action within thirty days of November 25, 2020, the

14  day that this case became removable.

15       **B.       Venue is Proper in this District Pursuant to the Removal Statute**

16              Venue properly lies in the United States District Court for the Southern District of

17  California, pursuant to 28 U.S.C. sections 84(d) and 1441(a), because Plaintiff originally filed this

18  action in SDCSC, which is located within the District and Division of this Court. Venue is also proper

19  pursuant to 28 U.S.C. section 1391(b), given that a substantial part of the events or omissions giving

20  rise to the claim are alleged to have occurred in San Diego County, California. *See* Jenkins Decl.,

21  Exhibit L.

22  **IV.    JURISDICTION BASED ON FEDERAL QUESTIONS**

23       **A.       This Court Has Original Jurisdiction Under Title VII and the ADEA**

24              This Court has federal question jurisdiction over this action under 28 U.S.C. section

25  1331. Section 1331 confers original jurisdiction on the federal district courts "of all civil actions arising

26  under the Constitution, laws, or treatises of the United States."

27              Plaintiff's First Cause of Action set forth in the FAC arises under and expressly invokes

28  Title VII of the Civil Rights Act of 1964, a federal statute, codified in the United States Code at 42

LITTLER MENDELSON, P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA  95814
916.830.7200

NOTICE OF REMOVAL OF CIVIL ACTION
TO FEDERAL COURT UNDER 28 U.S.C. §
1441

4.

U.S.C. sections 2000e, *et seq*. In her First Cause of Action, Plaintiff alleges that Defendant violated Title VII, specifically alleging, *inter alia*, that "[a]fter Jessica [Wdowiak] became Plaintiff's supervisor, she was subjected to…discrimination based on her appearance, race, and color…" *See* Jenkins Decl., Exhibit L, ¶ 7. Moreover, Plaintiff's Second and Fifth Causes of Action set forth in the FAC arise under and expressly invoke the Age Discrimination in Employment Act of 1967, a federal statute, codified in the United States code at 29 U.S.C. sections 621, *et seq*. Indeed, in her Second Cause of Action, Plaintiff alleges that Defendant violated the ADEA by specifically alleging that Plaintiff "was treated different from the younger, attractive, light skinned employees… [and her supervisor] made it clear by who she placed Plaintiff with that she did not want older, women of color, in her branch…" *Id*., Exhibit L, ¶ 24. Plaintiff goes on to contend in her Fifth Cause of Action that Defendant "[h]arass[ed] Plaintiff and/or creat[ed] a hostile work environment…in violation of…ADEA." *Id*., Exhibit L, ¶ 40.

The allegations set forth in Plaintiff's FAC demonstrate that this is a civil action arising under the laws of the United States because it involves substantial and contested federal issues. Thus, it is a claim over which the district courts of the United States have jurisdiction, without respect to the amount in controversy or the citizenship of the parties.

Additionally, this Court has jurisdiction over Plaintiff's other alleged state law claims pursuant to the doctrine of supplemental jurisdiction under 28 U.S.C. section 1367(a), as they are so related to the federal claim as to form part of the same case or controversy under Article III of the U.S. Constitution. Therefore, this case may be removed to this Court under the provisions of 29 U.S.C. section 1441(a). Accordingly, Defendant respectfully requests that this Court proceed with this matter as if it had been originally filed herein.

## V.    NOTICE OF REMOVAL

Contemporaneously with the filing of this Notice of Removal in the United States District Court for the Southern District of California, written notice of such filing will be given by the undersigned to Plaintiff's counsel of record, Robin Montes-Wood, Law Offices of Robin Montes (1114 Maryland Dr., Vista, CA 92083; robinlaw@cox.net). Jenkins Decl., ¶ 14. In addition, a copy of this Notice of Removal will be filed with the Clerk of the Superior Court of the State of California,

LITTLER MENDELSON, P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA 95814
916.830.7200

NOTICE OF REMOVAL OF CIVIL ACTION
TO FEDERAL COURT UNDER 28 U.S.C. §
1441

5.

County of San Diego. *Id.*

## VI.     CONCLUSION AND REQUESTED RELIEF

WHEREFORE, pursuant to 28 U.S.C. sections 1441(a) and 1446, Defendant removes this case from the Superior Court of the State of California in and for the County of San Diego to this Court. Accordingly, Defendant respectfully requests that this Court proceed with this matter as if it had been originally filed herein.


Dated:  December 22, 2020


*/s/ Nathaniel H. Jenkins*
BENJAMIN L. WEBSTER
NATHANIEL H. JENKINS
LITTLER MENDELSON, P.C.
Attorneys for Defendant
MUFG UNION BANK, N.A.

4834-5099-2852.1 063093.1046

LITTLER MENDELSON, P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA  95814
916.830.7200

NOTICE OF REMOVAL OF CIVIL ACTION
TO FEDERAL COURT UNDER 28 U.S.C. §
1441

6.