# EXHIBIT A

1  ROBIN D. WOOD SBN 171332
   LAW OFFICE OF ROBIN MONTES
2  1114 Maryland Dr.
   Vista CA 92083
3

4  Telephone: (760) 945-3148

5

6  Attorney for the Plaintiff Farida Caruso

FILED
Clerk of the Superior Court

APR 3 0 2019

By: _____, Deputy

SUPERIOR COURT STATE OF CALIFORNIA
COUNTY OF SAN DIEGO NORTH COUNTY DISTRICT

| Farida Caruso | CASE NO: 37-2019-00022159-CU-OE-NC |
|---|---|
| Plaintiff, | |
| | COMPLAINT FOR NEGLIGENCE, NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS, INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING |
| Union Bank and DOES 1-50 inclusive | |
| Defendants. | |

### FIRST CAUSE OF ACTION

(Negligence)

1. Plaintiff FARIDA CARUSO (hereinafter referred to as "FARIDA" or Plaintiff) was and is now a California resident. Plaintiff FARIDA filed a complaint with FEHA and received her right to sue letter on 4-20-2019

2. Defendant UNION BANK.,(hereinafter referred to as "UNION BANK) upon information and belief, is now, and at all times herein mentioned was, a corporation duly authorized to transact business within the State of California and is doing business within

1

California and throughout the U.S.

3.  JESSICA WDOWIAK ( hereinafter referred to as JESSICA) upon information and belief, was and is now, and at all time herein mentioned an employee of Defendant UNION BANK, in a supervisory position over the Plaintiff, and that at all of said times herein mentioned, each was acting as the agent of the other, was acting in the course and scope of its agency with its principal, and that every act of each defendant was ratified by the others.

4.  Plaintiff is ignorant of the true names and capacities of the defendants sued herein as DOES 1 through 50, inclusive, and therefore sues these defendants by such fictitious names. Plaintiff will amend her complaint to allege their true names and capacities, whether individual, corporate or other business form, when ascertained. Plaintiff is informed and believes, and thereon alleges, that each of the fictitiously-named defendants is responsible in some manner for the occurrences herein alleged, and that plaintiff's damages were proximately caused thereby, and that each of said fictitious DOES was an agent of the other.

5.  Plaintiff alleges that each of the defendants was the agent of each other in all of the actions and matters set forth; and that at all of said times herein mentioned, each was acting as the agent of the other, was acting in the course and scope of its agency with its principal, and that every act of each defendant was ratified by the others.

6.  At all times herein mentioned, Defendants are and were a company licensed to conduct business in the State of California; and in their capacity of offering banking services to the public and hired employees in various positions within the company.

7.  On or about March 5, 2012 Farida was hired at Union Bank. During her employment (prior to Jessica being hired) she received awards, promotions, raises, and was in line for a substantial promotion. Jessica was brought in as Plaintiff's supervisor. After Jessica became the Plaintiff's supervisor Plaintiff was subjected to harassment, age discrimination, discrimination based on her appearance, denied a promotion, kept from

2

her doctors appointments, and terminated. The harassment caused the Plaintiff to suffer emotionally and physically to the point that she went out on stress leave. She was prevented from attending her doctors appointments and was terminated while she was still under her doctors care for stress.

8.  During Plaintiffs employment when she complained about the inappropriate behavior by her supervisor, she was punished. She was constantly reprimanded by her supervisor Jessica. Plaintiff was told to move her seat from the front of the bank to the back where she could not be seen. Jessica wanted only young attractive people in the public view. Plaintiff was denied a substantial promotion, she was harassed almost daily and other employees were encouraged to bad mouth and report the Plaintiff. Plaintiff reported the improper behavior to HR only to have the conduct by her supervisor become more antagonistic. Plaintiff went out on stress leave due to the horrible working conditions she was subjected to.

9.  Further, Jessica began to send emails that accused Plaintiff of under performing and setting up requirements that were impossible to complete because they were contingent on Jessica's schedule and Jessica made sure that they could not be completed.

10. Additionally, when Plaintiff had a family emergency (that she called in about) she was harassed and told by Jessica that it was not considered excused time, but rather tardiness. Plaintiff contacted HR and HR stated that it was excused time. Jessica was furious that Plaintiff went to HR and her harassment, interrogations, belittling became so intense that Plaintiff began to have pains in her chest and panic attacks.

11. During her employment not only did her supervisor subject the Plaintiff to this hostile and uncomfortable environment but also encouraged other employees to behave in the same manner. When the supervisor behaved in this manner the employees joined in and the Plaintiff was subjected to a horrible working situation.

12. During her employment Jessica began to discuss Plaintiff with other employees as she discussed upper level and personal issues with employees under Plaintiff contributing

3

to a hostile work environment.

13. Plaintiff went out of stress leave on more than one occasion due to the treatment of her by Jessica. Jessica terminated Plaintiff while she was still under a doctors care for stress.

14. As a direct and proximate result of the negligence of Defendants, and each of them Plaintiff was subjected to an intolerable environment and deplorable conditions that made it almost impossible to perform her job.

15. As a further direct and proximate result of the negligence of the Defendants and each of them the Plaintiff was subjected to constant harassment, denied promotions and raises, age discrimination, and she was belittled and subjected to a hostile work environment even though prior to Jessica becoming her supervisor she had been one of the top performers during her employment.

16. As a further direct and proximate result of the negligence of the Defendants and each of them Plaintiff was forced to endure the constant harassment to the point that it effected her work and her health.

17. As a further direct and proximate result of Defendants negligence Plaintiff was subjected to her supervisor's yelling at Plaintiff in front of customers, putting her down moving her out of eyeshot of customer because of her age, race and build, and denying her promotions, and raises.

18. As a further direct and proximate result of the negligence of the Defendants and each of them, Plaintiff was labeled as a poor employee, racist, not a team player, dishonest and Jessica pitted other employees against Plaintiff.

19. As a further direct and proximate result of the negligence of the Defendants and each of them, Plaintiff has suffered and continues to suffer damages consisting of emotional distress, loss of her employment income and benefits, loss of her career and loss of her reputation, loss of sleep, and anxiety. Plaintiff requests leave to amend this complaint to state the amount of damages in accordance with proof at trial.

4

## SECOND CAUSE OF ACTION

### ((Negligent Infliction of Emotional Distress)

20. Plaintiff realleges and incorporates by reference Paragraph 1-19 as though fully set forth herein.

21. By virtue of the employment relationship between the parties, Defendants and each of them, owed a duty of care to the Plaintiff.

22. Defendants knew or should have known that their failure to exercise due care would cause Plaintiff severe emotional distress.

23. As a proximate result of the Defendants actions, Plaintiff suffered humiliation, mental anguish, emotional and physical distress in an amount to be proven at the time of trial.

## THIRD CAUSE OF ACTION

### (Intentional Infliction of Emotional Distress)

24. Plaintiff realleges and incorporates by reference Paragraph 1-23 as though fully set forth herein.

25. Defendant's by their actions intended to cause Plaintiff severe emotional distress. Defendants' conduct was intentional and malicious and done for the purpose of causing Plaintiff to suffer humiliation, mental anguish, and emotional distress.

26. Defendant's conduct against Plaintiff in the unlawful relinquishment of her promotion that she was already slated for, being moved away from the public due to appearance and age, the belittling, yelling at her and putting her down in front of customers and other employees, etc. The above mentioned conduct was done with the knowledge that Plaintiffs emotional distress and suffering would thereby increase and was done with a wanton and reckless disregard of the consequences to Plaintiff.

27. As a proximate result of the above mentioned acts Plaintiff suffered humiliation, mental aguish and emotional and physical distress, in an amount to be determined at the

5

time of trial.

28. Defendant's actions were willful and despicable and done with oppression, fraud, and malice towards Plaintiff, and done with conscience disregard of Plaintiffs rights. Plaintiff is thereby entitled to an award of punitive damages.

## FOURTH CAUSE OF ACTION

### (Breach of the Covenant of Good Faith and Fair Dealing)

29. Plaintiff realleges and incorporates herein by reference each and every allegation in Paragraph's 1 through 28 as though fully set forth herein.

30. The employment contract between the Plaintiff and Defendants contained an implied covenant of good faith and fair dealing by which the defendants, promised to give full cooperation to Plaintiff in her performance under said contract and to refrain from doing any act which would prevent or impede the Plaintiff from performing all of the conditions of the contract and to refrain from doing any act that would prevent or impeded Plaintiff's enjoyment of the fruits and benefits of said contract. Said covenant of good faith and fair dealing requires Defendants to act fairly, honestly, and to reasonably perform the terms and conditions of said agreement.

31. Said covenant of good faith and fair dealing inheres in every contract. The Defendants breached their duty of good faith and fair dealing by treating and subjecting Plaintiff to conduct Defendant's knew or should have known was illegal. Additionally, Defendants and each of them treated Plaintiff in a horrible and demeaning manner. When the conduct was complained about Plaintiff was retaliated against and the behavior/conduct became increasing hostile and other employees were encouraged by the Defendants and each of them to participate in the deplorable treatment of the Plaintiff. .

32. The implied covenant of good faith and fair dealing between the parties obligates Defendants to do nothing to injure the rights of the Plaintiff to receive the benefits of the employment contract and to refrain from carrying out any acts which because of the

6

conduct, manner or method by which it was carried out, would cause harm, undue hardship or injury to the Plaintiff.

33.     As a result of the breach of the covenant of good faith and fair dealing by the Defendants, it made it unbearable for plaintiff to perform her duties.

34.     As a further result of Defendants breach Plaintiff has suffered and continues to suffer substantial losses in earnings, and other benefits which would have been received but for the Defendants breach. The full extent of such losses is not yet known Plaintiff requests leave to amend this complaint to state the amount of damages in accordance with proof at trial..

**WHEREBY,** Plaintiff prays judgment against Defendant's and each of them as follows:

1.  For general damages according to proof;
2.  For special damages according to proof;
3.  For cost of suit herein incurred, including attorneys fees;
5.  For punitive damages as to the second and fourth causes of action;
6.  For such other and further relief as the court may deem just and proper.

DATED: 3-30-19

ROBIN D. MONTES-WOOD
Attorney for the Plaintiff

7

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:** Union Bank et al
*(AVISO AL DEMANDADO):*

**YOU ARE BEING SUED BY PLAINTIFF:** Farida Caruso
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**FILED**
Clerk of the Superior Court
APR 3 0 2019
By: _____, Deputy

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Superior Court of California, County of San Diego
325 S. Melrose Dr

**CASE NUMBER:**
*(Número del Caso):*
37-2019-00022159-CU-OE-NC

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: Robin Wood
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
LAW OFFICE OF ROBIN MONTES
1114 Maryland Dr, Vista, CA 92083                                                           760-945-3148

DATE: APR 3 0 2019                                Clerk, by P. Gonzaga                          , Deputy
*(Fecha):*                                        *(Secretario):*                              *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons *(form POS-010).*)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov
Westlaw Doc & Form Builder

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Robin Wood   SBN: 171332<br>LAW OFFICE OF ROBIN MONTES<br>1114 Maryland Dr<br>Vista, CA 92083<br>TELEPHONE NO.: 760-945-3148   FAX NO. *(Optional)*: 760-945-7487<br>E-MAIL ADDRESS *(Optional)*:<br>ATTORNEY FOR *(Name)*: Farida Caruso | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO
STREET ADDRESS: 325 S. Melrose Dr
MAILING ADDRESS: 325 S. Melrose Dr
CITY AND ZIP CODE: Vista CA 92083
BRANCH NAME: North

PLAINTIFF/PETITIONER: Farida Caruso

DEFENDANT/RESPONDENT: Union Bank

**NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL**

CASE NUMBER:
37-2019-00022159-CU-CE-NC

TO *(insert name of party being served)*: Union Bank

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: 5-2-19

_Robin Wood_
(TYPE OR PRINT NAME)

_[signature]_
(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of *(to be completed by sender before mailing)*:
1. [X] A copy of the summons and of the complaint.
2. [ ] Other *(specify)*:

*(To be completed by recipient)*:
Date this form is signed: 5/28/19

Nathaniel Jenkins, Littler Mendelson, PC    _[signature]_
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,   (SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ON WHOSE BEHALF THIS FORM IS SIGNED)   ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
POS-015 [Rev. January 1, 2005]   NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL
Code of Civil Procedure,
§§ 415.30, 417.10
www.courtinfo.ca.gov
Westlaw Doc & Form Builder

# PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 500 Capitol Mall, Suite 2000, Sacramento, California 95814. On May 28, 2019, I served the within document(s):

**NOTICE AND ACKNOWLEDGMENT OF RECEIPT -- CIVIL**

☐ **By Fax Transmission.** Based on an agreement of the parties to accept service by fax transmission, I faxed the documents to the persons at the fax numbers listed below. No error was reported by the fax machine that I used. A copy of the record of the fax transmission, which I printed out, is attached.

☒ **By United States Mail.** I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses below and *(specify one)*:

☐ deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid.

☒ placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at: **Sacramento, California.**

☐ **By Overnight Delivery.** I deposited a true copy of the same enclosed in a sealed envelope, with delivery fees provided for, in an overnight delivery service pick up box or office designated for overnight delivery, and addressed as set forth below.

☐ **By Personal Delivery.** I personally delivered the documents to the persons at the addresses listed below. (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents, in an envelope or package clearly labeled to identify the attorney being served, with a receptionist or an individual in charge of the office, between the hours of nine in the morning and five in the evening. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not younger than 18 years of age between the hours of eight in the morning and six in the evening.

FIRMWIDE:164609430.1 063093.1038

PROOF OF SERVICE

| | | |
|---|---|---|
| 1 | ☐ | **By Messenger Service.** I served the documents by placing them in an envelope or package addressed to the persons at the addresses listed below and providing them to a professional messenger service for service. *(A declaration by the messenger must accompany this Proof of Service or be contained in the Declaration of Messenger below.)* |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | ☐ | **By Electronic Service.** Based on a court order or an agreement of the parties to accept electronic service, I caused the documents to be sent to the persons at the electronic service addresses listed below. |

Robin D. Wood  
Law Office of Robin Montes  
1114 Maryland Drive  
Vista, CA  92083

Attorneys for Plaintiff  
Farida Caruso

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.  Executed on May 28, 2019, at Sacramento, California.

*Laurenmichel*
_____
Lauren Michel

FIRMWIDE:164609430.1 063093.1038

2.

PROOF OF SERVICE